# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RASBERRY, | CASE NO. 1:08-cv-01767-OWW-YNP PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. 13) |
| A. TREVINO, et al., | |
| Defendants. | |

Plaintiff James Rasberry ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Defendants' motion to dismiss. Defendants argue that they are entitled to dismissal because Plaintiff fails to state a claim under the Eighth Amendment. Plaintiff claims that Defendant Trevino ordered Defendant Miguel to shoot a 40 mm launcher to break up an inmate fight and Plaintiff was struck in the back of his head with one of the rounds. Defendants claim that Plaintiff fails to state a claim under the Eighth Amendment because Trevino and Miguel did not act with deliberate indifference, as required by the Eighth Amendment. Defendants filed their motion to dismiss on June 22, 2009. (Doc. #13.) Plaintiff filed an opposition on July 31, 2009. (Doc. #16.) Defendants filed a reply to Plaintiff's opposition on August 7, 2009. (Doc. #17.) This action is proceeding on Plaintiff's complaint filed on November 19, 2008. (Doc. #1.)

///

///

///

1

**I.      Motion to Dismiss**

Plaintiff's complaint alleges that Defendants Trevino and Miguel violated Plaintiff's Eighth Amendment rights when Plaintiff was shot with a "40mm launcher." (Compl. 3:21-23.[1]) Plaintiff was involved in a fight with another inmate when Trevino and Miguel intervened to stop the altercation. (Compl. 6:5-23.) Plaintiff was ordered to go into the prone position but did not because the other inmate continued to attack him. (Compl. 6:8-15.) Trevino ordered Miguel to fire the launcher at the two inmates. (6:21-23.) The first shot did not strike anybody. (Compl. 6:23-24.) Plaintiff alleges that he had gone into a prone position to indicate his submission after the first shot was fired, yet Defendant Miguel fired the launcher a second time and struck Plaintiff in the back of the head. (Compl. 3:27-4:2.) Plaintiff alleges that the injuries he sustained from the blow continues to cause blurred vision and periodic dizziness, as well as mental trauma. (Compl. 4:2-7.)

In their motion to dismiss, Defendants argue that they were entitled to use force to quell the fight. Defendants further argue that they did not act with deliberate indifference because Plaintiff only alleges that Defendants could have used a less violent means of stopping the fight. (Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss 4:14-16.) Defendants allege that their use of force was not malicious or sadistic. Thus, Defendants conclude that their choice to use the launcher instead of a less violent method to end the fight does not make them liable for violating the Eighth Amendment. (Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss 4:21-25.)

In opposition, Plaintiff alleges that "[t]he use of a forty millimeter round was unreasonable in view of the facts." (Mem. of P. & A. in Supp. of Pl.'s Opp'n to Defs.' Mot. to Dismiss 4:6-7.) Plaintiff alleges that after the first warning shot was fired, there the only inmate standing was the inmate attacking Plaintiff, and he was not shot. (Mem. of P. & A. in Opp'n 4:7-9.) Plaintiff alleges that his injuries "were caused by the officers['] acts of negligence and unnecessary use of excessive force." (Mem. of P. & A. in Opp'n 4:3-5.)

In reply, Defendants argue that Plaintiff does not claim that Defendant Miguel was aiming at Plaintiff, and thus his use of force was not sadistic or malicious. (Defs.' Reply in Supp. of Mot.

---

[1] Citations to page numbers in Plaintiff's complaint refer to the page numbers as the complaint was electronically filed, not to the page numbers used by Plaintiff.

2

to Dismiss 2:21-24.) Defendants further argue that their good faith use of force served a legitimate penological purpose. (Reply 2:28-3:1.) Thus, their actions do not rise to the level of an Eighth Amendment violation. (Reply 3:1-3.)

**II.     Discussion**

Defendants argue that Plaintiff has failed to state a cognizable claim for relief under 42 U.S.C. § 1983 and the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298).

Defendants argue that Plaintiff has failed to allege facts that demonstrate that Defendants acted with a sufficiently culpable state of mind. The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis

1  of the facts known to them, and any efforts made to temper the severity of a forceful response. Id.
2  The infliction of pain in the course of a prison security measure "does not amount to cruel and
3  unusual punishment simply because it may appear in retrospect that the degree of force authorized
4  or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be
5  accorded wide-ranging deference in the adoption and execution of policies and practices that in their
6  judgment are needed to preserve internal order and discipline and to maintain institutional security."
7  Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

8  Plaintiff admits that he was involved in an altercation with another inmate. Thus, there
9  appears to have been a bona fide need for the application of force to end the altercation. Plaintiff
10 fails to allege facts that suggest that the use of the 40mm launcher to stop a prison fight was
11 unreasonable. The use of the 40mm launcher violates the Eighth Amendment only if it poses a
12 "substantial risk of serious harm." There is no "substantial risk of serious harm" if Plaintiff's serious
13 injury is the result of a freak accident and that the 40mm launcher is a generally safe method of
14 controlling a prison environment. Plaintiff fails to support his conclusion that the use of the 40mm
15 launcher was unreasonable. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("A pleading that
16 offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not
17 do.'") Further, the fact that the degree of force used appears unreasonable in retrospect is not in
18 itself sufficient to state a claim under the Eighth Amendment. See Whitley, 475 U.S. at 319. Prison
19 officials are not required to deploy the least intrusive measure when they are required to hastily make
20 pressured judgment calls to break up inmate violence. Thus, the core inquiry is not whether there
21 existed a hypothetical, less painful method of breaking up the fight. The issue is whether
22 Defendants' actions were applied in a good faith effort to maintain or restore discipline, or whether
23 they acted maliciously and sadistically for the very purpose of causing harm. See Id. at 320-21.
24 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973)).

25 Plaintiff's chief complaint appears to be that Defendants should have shot the other inmate.
26 Defendants correctly point out that Plaintiff does not allege that Defendant Miguel intentionally
27 aimed and shot at Plaintiff knowing that Plaintiff was defenseless and posed no threat. If Miguel's
28 subjective state of mind was to stop the altercation and not to maliciously harm Plaintiff, there is no

Eighth Amendment violation. As for Defendant Trevino, Plaintiff has not alleged that Trevino specifically ordered Miguel to shoot Plaintiff. Plaintiff alleges that Trevino ordered Miguel to shoot the 40mm launcher, but there is no indication that Trevino's order was made in bad faith, or made maliciously with the intention of causing harm to Plaintiff. Plaintiff has failed to provide sufficient factual support to draw the reasonable inference that the use of a 40mm launcher to stop a prison fight violates the Eighth Amendment. Nor does Plaintiff allege that Miguel or Trevino's subjective state of mind was to deliberately and maliciously harm Plaintiff. Thus, Plaintiff has failed to allege that either Miguel or Trevino acted with deliberate indifference and his complaint fails to state a cognizable claim for the violation of his rights under the Eighth Amendment.

While Plaintiff's complaint fails to state a claim under the Eighth Amendment, the defects in his complaint may be curable by amendment. The Court also notes that Plaintiff has not yet amended his complaint, as this action is proceeding on Plaintiff's original complaint. Thus, Plaintiff's Eighth Amendment claim is dismissed and the Court should provide Plaintiff with the opportunity to file an amended complaint that cures the defects identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (recognizing longstanding rule that leave to amend should be granted for pro se litigants if it appears at all possible that the plaintiff can correct the defect). Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

The Court also notes that Plaintiff's complaint also raises a Fourteenth Amendment equal protection Claim that alleges that the use of force was racially motivated. Defendants have not addressed Plaintiff's equal protection claim in their motion to dismiss. Upon review of the record, it appears that the Court's March 18, 2009 order finding service of the complaint appropriate stated

that Plaintiff's complaint stated cognizable claims under the Eighth Amendment, but made no mention of Plaintiff's equal protection claims. (Order Finding Service of Compl. Appropriate, and Forwarding Service Docs. to Pl. for Completion and Return Within Thirty Days 1:16-18, March 18, 2009.) However, the Court did not dismiss Plaintiff's equal protection claims against Trevino and Miguel.  It is unclear whether Defendants intentionally did not address the equal protection claim in their motion to dismiss, or whether the typographical error in the Court's order led Defendants to believe that the equal protection claim was not cognizable.  Should Plaintiff decline the opportunity to file an amended complaint, this action will proceed on Plaintiff's equal protection claim and Defendants will be given the opportunity to file a motion to dismiss or other responsive pleading in response to the equal protection claim.

### III.    Conclusion and Recommendation

The Court finds that Plaintiff's complaint fails to adequately allege that Defendants Trevino and Miguel acted with deliberate indifference.  Plaintiff should either notify the Court of his willingness to dismiss his Eighth Amendment claims and proceed only on his Fourteenth Amendment equal protection claims, or file an amended complaint that addresses the deficiencies identified in this order.

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss, filed on June 22, 2009, be GRANTED; and
2. Plaintiff be given the opportunity to either:
   a. Notify the Court of his willingness to dismiss his Eighth Amendment claims and proceed only on his Fourteenth Amendment equal protection claims; or
   b. File an amended complaint curing the deficiencies identified in this order.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with a copy of these Findings and Recommendations, Plaintiff may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objection to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised

///

that the failure to file objections within the specified time may waive the right to appeal the order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

**Dated:**   **October 22, 2009**          /s/ **Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE