**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RASBERRY,<br><br>  Plaintiff,<br><br> vs.<br><br>A. TREVINO, et al.,<br><br>  Defendants. | 1:08-cv-01767-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS<br>(Doc. 41.) |

**I.  RELEVANT PROCEDURAL HISTORY**

James Rasberry ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on the First Amended Complaint filed by Plaintiff on March 2, 2010, against defendants Correctional Officer ("C/O") A. Trevino and C/O L. Miguel ("Defendants") for excessive force in violation of the Eighth Amendment, and against defendant C/O A. Trevino for violation of the Equal Protection Clause. (Doc. 25.)

On December 7, 2010, the Court issued a Discovery/Scheduling Order establishing a deadline of August 7, 2011, for the parties to complete discovery, including motions to compel. (Doc. 91.) On July 25, 2011, Plaintiff filed a motion to compel production of documents. (Doc. 41.) On August 3, 2011, Defendants filed an opposition. (Doc. 109.) Plaintiff did not file a reply. Plaintiff's motion to compel is now before the Court.

1

II.     MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS

    A.     **Rules 34 and 37**

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "[a] party may serve on any other party a request within the scope of Rule 26(b), to produce and permit the requesting party . . . to inspect, copy, test, or sample . . . any designated documents or electronically stored information . . . in the responding party's possession, custody or control." Fed. R. Civ. P. 34(a)(1)(A).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (*citing* Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

Pursuant to Rule 37(a)(5), if a motion to compel is granted, the court must require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

    B.     **Plaintiff's Motion**

Plaintiff seeks to compel further responses to his request for production of documents, set two, No. 1, by Defendants. Plaintiff asserts that he submitted the request to Defendants twice, and each time Defendants objected on improper grounds, including a right to privacy. Plaintiff also requests an order imposing sanctions on Defendants for their failure to produce documents without substantial justification.

///

///

**PLAINTIFF'S REQUEST FOR PRODUCTION, SET TWO, NO. 1**

"Copies of all 'Incident Reports' involving Defendants in which any 'Use of Force' was utilized. This is Plaintiff's second request for this specific information. Defendants' response to this first request (for the most part) was that the request violated Defendants' right to privacy and California Code of Regulations, Title 15, section 3321 and 3450." (Request dated May 22, 2011.)

**DEFENDANTS' RESPONSE TO REQUEST, SET TWO, NO. 1**

"Responding party objects to this request on the grounds it is overbroad, vague as to the meaning of 'use of force was utilized,' is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome because it is duplicative of a discovery [request] previously answered, and violates the right to privacy of third parties and responding parties and Title 15, sections 3321 and 3450 of the California Code of Regulations. Without waiving any objection, other than the incident report produced in Attachment 2 on April 26, 2011, Miguel has no other responsive documents in his possession, custody, or control. Trevino produces here a redacted incident report concerning his use of force on August 4, 2009, in Attachment 6. Other than the reports in Attachments 2 and 6, Trevino has no other responsive documents in his possession, custody or control. *See* privilege log." (Response dated June 23, 2011.)

Defendants argue that notwithstanding their objections, they have already produced all responsive documents in their possession, custody, or control, and Plaintiff has not shown that other documents exist. Defendants provide evidence that they have asserted, under oath, in their responses to Plaintiff's Interrogatories, that they have not been accused, disciplined, written up, investigated, or removed from a post for using excessive force. (Exhs. B & C to Opp'n, Doc. 44.)

Plaintiff and Defendants have both submitted copies of Defendants' response to Plaintiff's request, including copies of the documents produced. The Court has examined the evidence and finds that Defendants have adequately responded to Plaintiff's request for production of documents. Notwithstanding their objections, Defendants provided documents to Plaintiff and stated that they have no other responsive documents in their possession, custody, or control. Plaintiff has not offered any evidence that other responsive documents exist. Therefore, Plaintiff's motion to compel shall be denied and, in light of this decision, Plaintiff' motion for sanctions shall also be denied.

///

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel and for sanctions, filed on July 25, 2011, is DENIED.

IT IS SO ORDERED.

Dated: **March 6, 2012**       **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE