# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RASBERRY, | 1:08-cv-01767-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO COMPEL |
| vs. | (Doc. 45.) |
| A. TREVINO, et al., | ORDER CLOSING DISCOVERY |
| Defendants. | |

**I.  RELEVANT PROCEDURAL HISTORY**

James Rasberry ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on the First Amended Complaint filed by Plaintiff on March 2, 2010, against defendants Correctional Officer ("C/O") A. Trevino and C/O L. Miguel ("Defendants") for excessive force in violation of the Eighth Amendment, and against defendant C/O A. Trevino for violation of the Equal Protection Clause.  (Doc. 25.)

On December 7, 2010, the Court issued a Discovery/Scheduling Order establishing a deadline of August 7, 2011, for the parties to complete discovery, including motions to compel.  (Doc. 36.) On August 8, 2011, Defendants filed a motion to compel production of documents.  (Doc. 45.)  On September 1, 2011, Plaintiff filed an opposition.  (Doc. 47.)  On September 6, 2011, Defendants filed a reply.  (Doc. 48.)  Defendants' motion to compel is now before the Court.

1

II.    **MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

    A.    <u>**Rules 34 and 37**</u>

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "[a] party may serve on any other party a request within the scope of Rule 26(b), to produce and permit the requesting party . . . to inspect, copy, test, or sample . . . any designated documents or electronically stored information . . . in the responding party's possession, custody or control." Fed. R. Civ. P. 34(a)(1)(A).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir.1992) (*citing* <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. <u>See</u> <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

    B.    <u>**Defendants' Motion**</u>

Defendants seek to compel responses by Plaintiff to their first set of requests for production of documents propounded on June 22, 2011. However, Defendants' motion is untimely. Pursuant to the Court's scheduling order of December 7, 2010, the deadline for the parties to complete discovery, including motions to compel, was August 7, 2011, and Defendants did not file their motion to compel until August 8, 2011. (Docs. 36, 45.) Defendants did not request an extension of time or an extension of the discovery deadline.[1] Therefore, Defendants' motion to compel shall be denied as untimely.

///

---

[1] When an act may or must be done within a specified time, the court may, for good cause, extend the time. Fed. R. Civ. P. 6(b). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).

III. **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel, filed on August 8, 2011, is DENIED as untimely; and
2. Discovery in this action is now closed.

IT IS SO ORDERED.

Dated:   **March 6, 2012**                     **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE