IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RASBERRY, | 1:08-cv-01767-AWI-GSA (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION |
| vs. | (Doc. 56.) |
| A. TREVINO, M.D., et al., | ORDER PERMITTING PLAINTIFF OPPORTUNITY TO WITHDRAW OPPOSITION AND FILE AMENDED OPPOSITION, IF HE SO WISHES |
| Defendants. | |
| _____/ | THIRTY DAY DEADLINE |

## I.   BACKGROUND

James Rasberry ("Plaintiff") is a prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds with Plaintiff's First Amended Complaint filed on March 2, 2010, against defendants A. Trevino and L. Miguel ("Defendants") for use of excessive force in violation of the Eighth Amendment and discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. (Doc. 25.) On October 14, 2011, Defendants filed a motion for summary judgment, which is now pending. (Doc. 50.) On December 7, 2011, Plaintiff filed an opposition, and on December 14, 2011, Defendants filed a reply. (Docs. 51, 52.) On July 5, 2012, Findings and Recommendations were entered, recommending that Defendants'

1

1  motion for summary judgment be granted. (Doc. 55.) Plaintiff was granted thirty days in which
2  to file objections to the Findings and Recommendations, and to date, Plaintiff has not filed
3  objections. Id.

4  On July 25, 2012, Defendants provided Plaintiff with a Rand Warning and filed a motion
5  for Plaintiff to be permitted to file a supplemental opposition to the motion for summary judgment.
6  (Doc. 56.) Defendants' motion is now before the Court.

7  **II.   DEFENDANTS' MOTION**

8  Defendants have served a Rand Warning upon Plaintiff, which informs Plaintiff of his
9  rights and responsibilities in opposing a motion for summary judgment. Defendants request that
10 in light of the Ninth Circuit's decision in Woods v. Carey, Nos. 09-15548, 09-16113, 2012 WL
11 2626912, *1 (9th Cir. July 6, 2012), Plaintiff be permitted to file a supplemental briefing in
12 opposition to the pending motion for summary judgment in this action.

13 **III.  DISCUSSION**

14 In Woods, the Ninth Circuit required that a prisoner proceeding pro se with a civil rights
15 action, such as Plaintiff, be provided with "fair notice" of the requirements for opposing a motion
16 for summary judgment at the time the motion is brought. Woods, 2012 WL 2626912 at *5. Thus,
17 the notice given by the Court in this case more than two years ago does not suffice.[1]

18 The Court finds good cause at this juncture to open a thirty-day time period for Plaintiff to
19 file further opposition to the pending motion for summary judgment, if he so wishes. Therefore,
20 Defendants' motion for Plaintiff to be permitted to file further opposition shall be granted. The
21 Court will not consider multiple oppositions, however, and Plaintiff has two options upon receipt
22 of this order. Plaintiff may either (1) stand on his previously-filed opposition or (2) withdraw it
23 and file an Amended Opposition. The Amended Opposition, if any, must be complete in itself and
24 ///

25

---

27 [1] The Court served the Second Informational Order, providing "fair notice" of the requirements, upon Plaintiff on April 3, 2009. (Doc. 10-1.)

28  2

must not refer back to any of the opposition documents Plaintiff filed on December 7, 2011. L.R. 220.[2]

### III. CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to allow further briefing by Plaintiff is GRANTED;
2. Plaintiff may, within **thirty (30) days** from the date of service of this order, withdraw his opposition and file an Amended Opposition to Defendants' motion for summary judgment of October 14, 2011;
3. If Plaintiff does not file an Amended Opposition in response to this order, his existing opposition will be considered in resolving Defendants' motion for summary judgment; and
4. If Plaintiff elects to file an Amended Opposition, Defendants may file a reply pursuant to Local Rule 230(l).

IT IS SO ORDERED.

Dated:   **July 30, 2012**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] Local Rule 220 provides, in part: "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading."

3